NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0577n.06

No. 08-2216

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 31, 2010**
LEONARD GREEN, Clerk

KELLY WILLIAMS,                                    )
　　　　　　Plaintiff-Appellant,              )
　　　　　　　　　　　　　　　　　　　　　　　　　　）
v.                                                              )　ON APPEAL FROM THE
　　　　　　　　　　　　　　　　　　　　　　　　　　）　UNITED STATES DISTRICT
　　　　　　　　　　　　　　　　　　　　　　　　　　）　COURT FOR THE EASTERN
RELIANCE STANDARD LIFE INSURANCE  )　DISTRICT OF MICHIGAN
COMPANY,                                               )
　　　　　　Defendant-Appellee.              )　OPINION

Before:　BATCHELDER, Chief Judge; WHITE, Circuit Judge; and GREER, District Judge.[*]

　　　　**GREER, District Judge**. Kelly Williams ("Williams") appeals the district court's grant of summary judgment to Reliance Standard Life Insurance Company ("Reliance"). Williams sued under the Employment Retirement Income Security Act ("ERISA") for disability benefits under a group long term disability insurance plan (the "Plan") issued by Reliance and offered as a benefit to employees by Quicken Loans, Williams's employer. For the reasons which follow, we AFFIRM.

**I.　Background**

　　　　Williams was employed by Quicken Loans from November 14, 2005, until March 11, 2006. While employed at Quicken Loans, Williams was covered by a long term disability policy offered to Quicken Loan employees as a part of an employee welfare benefit plan. Williams filed an

_____

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

application for disability benefits under the Plan on March 9, 2006. Reliance is the insurer of the Plan as well as the delegated decision maker.

The Plan includes a pre-existing condition limitation which applies to a claimant such as Williams who has not been insured under the Plan for twelve consecutive months. Benefits will not be paid for a total disability "caused by; contributed to by; or resulting from; a Pre-existing condition." A "Pre-existing condition" is defined by the Plan as "any Sickness or Injury for which the Insured received medical treatment, consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicine, during the three months immediately prior to the Insured's effective date of insurance." Williams became insured under the Plan on December 1, 2005.

Williams's application for long term disability benefits alleged inability to work due to "Panic Attacks, Depression." Williams disclosed on her application that she was first treated for these symptoms in March, 1999, and that the symptoms had been recurring "for several years." Relying on Williams's medical records and an independent review of her claim file by Kevin P. Hayes, M.D., a board certified psychiatrist and neurologist, Reliance concluded that Williams had been treated for these conditions during the three months immediately prior to the effective date of her insurance and denied her claim under the Plan on November 17, 2006. Williams then filed a complaint in the Circuit Court for the County of Wayne, State of Michigan, and her complaint was subsequently removed to the district court. After the filing of motions for summary judgment by both Williams and Reliance, the district court granted Reliance's motion for summary judgment and entered judgment in favor of Reliance. This appeal followed.

## II.     Standard of Review

"We review de novo the district court's disposition of an ERISA action based upon the administrative record, and apply the same legal standard as the district court." *Kovach v. Zurich Am. Ins. Co.*, 587 F.3d 323, 328 (6th Cir. 2010) (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998)).  Because the Plan granted discretionary authority to Reliance as the Plan administrator to interpret the Plan's terms and to determine its benefits, we apply the arbitrary and capricious standard.[1]  *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111-15 (1989). The arbitrary and capricious standard is a deferential standard which requires the Court to uphold the administrator's decision if the administrator's discussion is "rational in light of the plan's provisions."  *Univ.  Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000) (quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996)).

## III.    Discussion and Analysis

The district court held that Reliance had a reasoned explanation for the denial of Williams's claim and was not arbitrary and capricious in its denial of long term disability benefits to Williams. Williams argued in the district court, and argues here, that her disability is the result of "bipolar disorder," which is "medically recognized as a separate and distinct condition from depression," for

---

[1]   The conflict of interest that exists when the insurer both decides whether the employee is eligible for benefits and pays those benefits is a factor for the court to consider when deciding whether the decision to deny benefits was arbitrary and capricious. *Evans v. UnumProvident Corp.,* 434 F.3d 866, 876 (6th Cir. 2006).  In considering this factor, the court considers whether there is evidence that the conflict influenced the plan administrator's decision. *Id.*  Although Williams made an argument in the district court that Dr. Hayes's opinion was "manufactured to give color to an underlying 'rubber stamping' of the initial denial" of benefits, the argument was not further developed.  The district court did not address the argument in its order, Williams has not raised the issue in this court, and there is no evidence in the record to suggest that the conflict influenced the benefit denial decision.  Under these circumstances, we will not address the issue further.

which she was treated during the three months immediately preceding the effective date of her insurance. The record in the case establishes otherwise.

As noted above, Williams provided Reliance with her statement in support of her disability claim. Under the section requesting information about the condition causing the disability, Williams indicated that her first symptoms were "Panic Attacks, Depression," and that her symptoms had been "re-acurring [sic] for several years." She indicated on the statement that she was unable to work because of "crying spells, can't concentrate and panic attacks," and that she was first treated for these symptoms on March 10, 1999. During the three month period prior to December 1, 2005, Williams was seen by Dr. Phillip Fisher on September 19, 2005, with complaints of depression and anxiety. Dr. Fisher prescribed Zoloft and Williams filled that prescription on November 5, 2005.

After Williams last worked, she was treated primarily by Drs. Lazar and Farooq. On May 19, 2006, Dr. Lazar completed a claim form in which he identified Williams's primary diagnosis as "major depression-recurrent." Dr. Farooq identified Williams's symptoms as depression and anxiety and listed a diagnosis of bipolar disorder. Williams also received treatment on several occasions at St. Mary Mercy Hospital where she was hospitalized between May 17 and May 19, 2006, due to complaints of depression and anxiety. Williams returned to St. Mary Mercy Hospital on August 18, 2006, with a chief complaint of "depression, suicidal thoughts."

Dr. Hayes identified Williams's main symptoms as anxiety and depression. Based upon his review of the medical records, Dr. Hayes concluded:

> The claimant has been giving conflicting reports about her symptomatology, but the core symptoms appear to be anxiety and depression. Anxiety and depression are common symptoms of either Unipolar or Bipolar Depression. The treatment providers who have examined the claimant prior to the date of loss appear to have

4

utilized a diagnosis of Unipolar Depression as her condition and this resulted in a diagnosis of Major Depressive Disorder.

Dr. Hayes opined that Williams received treatment for her psychiatric condition during the period September 1, 2005, through November 30, 2005, and that, regardless of whether she was diagnosed with depression or bipolar disorder, "it really did not alter her treatment significantly because the core treatment remains antidepressant medication." As a result, Reliance concluded that Williams suffered from a disability "caused by, contributed to by, or resulting from" a preexisting condition and denied her long term disability claim.

We agree with the district court that Reliance's decision was not arbitrary and capricious in this case. The evidence in the record is substantial that Williams's disability was "caused by, contributed to by, or result[ed] from" a preexisting condition, regardless of whether it is called depression or bipolar disorder. She was seen by her doctor for depression and anxiety, was prescribed antidepressant medication and she herself described her inability to work as "due to depression."

As set forth above, the pre-existing condition limitation in Williams's policy is triggered when the insured person received "medical treatment, consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicine" as a result of any "[s]ickness or [i]njury" during the three months prior to the effective date of the insurance. Williams admits she was treated for depression, and received prescription drugs for the condition, within three months of December 1, 2005, the effective date of the insurance. She claims, however, that her diagnosis was subsequently changed to bipolar disorder, a condition "medically recognized as a separate and distinct condition from depression and the treatment she received "was not related to her actual

condition."[2] Williams's position, however, "ignores the fact that depression is part and parcel of a diagnosis of bipolar disorder," as the district court observed. Both Dr. Farooq and Dr. Hayes confirm that anxiety and depression are the basic symptoms of Williams's condition, no matter whether it is called "major depression" or "Bipolar Disorder." Furthermore, the evidence in the administrative record establishes that the medication prescribed during the limitation period would not have changed regardless of the former diagnosis of plaintiff's condition.

## IV.    Conclusion

For the reasons set forth above, the decision of the district court is AFFIRMED.

---

[2]    Williams presented to the district court an article by John M. Grohol, Psy. D., entitled "What's the Difference Between Bipolar Disorder and Depression," and a June 3, 2008 "To Whom It May Concern" letter from Dr. Farooq stating that "[u]pon further examination her diagnosis was changed to Bipolar Disorder." The district court declined to consider either the article or the letter, and we likewise do not consider them. Our "review is limited to the administrative record of the benefit determination." *Evans*, 434 F.3d at 876 (6th Cir. 2006).